UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALDIR LAGE, | : | |
|     Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:10-CV-1030 (JCH) |
| v. | : | |
| | : | |
| CAROLE CHAPDELAINE, ET AL., | : | NOVEMBER 10, 2010 |
|     Respondent. | : | |

**RULING RE: MOTION TO DISMISS BY WARDEN CAROL CHAPDELAINE [Doc. No. 12], MOTION TO DISMISS BY UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF CONNECTICUT AND UNITED STATES ATTORNEY GENERAL [Doc. No. 17], MOTION FOR TEMPORARY RESTRAINING ORDER BY VALDIR LAGE [Doc. No. 7]**

On June 21, 2010, pro se petitioner Valdir Lage filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and purportedly under 28 U.S.C. § 2241. Lage challenges an April 3, 2008 state conviction for burglary in the third degree, alleging ineffective assistance of counsel.[1] See Application for Writ of Habeas Corpus, Doc. No. 2, at 2; Chapdelaine's Mot. to Dismiss, Doc. No. 12, App. A, D. Lage also seeks a temporary restraining order against the federal Bureau of Immigrations and Customs Enforcement to stay any immigration removal proceedings that may arise from his state criminal convictions. See Mot. for Temporary Restraining Order, Doc. No. 7., at 7.

On September 7, 2010, Lage completed his term of imprisonment in Connecticut and was released into the custody of the Bureau of Immigrations and Customs

---

[1] Lage's application for writ of habeas corpus discusses in detail the incident leading to his April 3, 2008 conviction for burglary in the third degree, but Lage erroneously lists the date of conviction as September 10, 2009. September 10, 2009 was the date of Lage's conviction for several unrelated offenses that triggered the violation of Lage's probation. Based on a comprehensive review of Lage's petition, the court construes it as alleging ineffective assistance of counsel for Lage's April 3, 2008 conviction of burglary in the third degree.

-1-

Enforcement. Lage is currently confined in North Dartmouth, Massachusetts.

## I. STANDARD OF REVIEW

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005). The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such process ineffective to protect the rights of the applicant").

Lage's application for writ of habeas corpus invokes both 28 U.S.C. § 2254 and § 2241. As is the case here, "section 2254 applies to 'application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution . . . of the United States." Cook v. New York State Div. of Parole, 321 F.3d 274, 277-78 (2d Cir. 2003). "[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application

instead. It is the substance of the petition, rather than its form, that governs." Cook, 321 F.3d at 277-78 (internal quotations and citation omitted). Therefore, the court treats Lage's petition as being brought under section 2254.

## II. PROCEDURAL BACKGROUND

On March 15, 2007, Lage was arrested and charged with burglary in the third degree, in violation of Conn. Gen. Stat. § 53a-103. See Def.'s Mot. to Dismiss, Doc. No. 12, App. A. Lage was represented by counsel, Attorney Jonathan Gable, in this matter. On April 3, 2008, Lage was convicted of burglary in the third degree and sentenced to serve three years imprisonment, execution suspended after serving nine months, followed by three years of probation. Lage did not appeal from the judgment of conviction. See Def.'s Mot. to Dismiss, Doc. No. 12, App. A, D; Application for Writ of Habeas Corpus, Doc. No. 2, at 3.

On March 10, 2009, Lage was arrested and charged with five criminal offenses. As a result of this arrest, on April 21, 2009, Lage was arrested for violating his probation. For these charges, Lage was represented by counsel, Attorney Bruce Weiant. On September 8, 2009, Lage pleaded guilty to criminal trespass in the first degree, in violation of Conn. Gen. Stat. § 53a-107; interfering with an officer, in violation of Conn. Gen. Stat. § 53a-167a; and criminal mischief in the third degree, in violation of Conn. Gen. Stat. § 53a-117. See Def.'s Mot. to Dismiss, Doc. No. 12, App. C, E. Lage also admitted a violation of probation in violation of Conn. Gen. Stat. § 53a-32. See Def.'s Mot. to Dismiss, Doc. No. 12, App. B, E.

On September 10, 2009, Lage was committed to the Connecticut Commissioner

of Corrections to serve sixteen months of imprisonment for violating his probation and one year imprisonment for the remaining offenses.  See Def.'s Mot. to Dismiss, Doc. No. 12, App. F, at 2.  Lage did not appeal to the Connecticut Appellate or Supreme Court.

On May 13, 2010, Lage filed in Connecticut Superior Court a pro se petition for writ of habeas corpus.  That petition is still pending.  See Lage v. Warden, State Prison, Case No. TSR-CV10-4003575-S; Case Detail - TSR-CV10-4003575-S, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV104003575S (last visited Nov. 8, 2010).  On June 21, 2010, Lage filed pro se his federal petition for writ of habeas corpus and request for a temporary restraining order.  See Doc. Nos. 2, 6-7.

## III.	DISCUSSION

Lage challenges his April 3, 2008 burglary conviction, arguing that he suffered ineffective assistance of counsel.  Lage also seeks the stay of immigration removal proceedings that are expected to follow from his state criminal convictions.  Lage requests that the stay remain in effect not only during "this court's review of his state conviction" but also while Lage "exhaust[s] Connecticut state remedies available."  Doc. No. 7, at 7.

### A.	Respondent Chapdelaine's Motion to Dismiss

Respondent Carol Chapdelaine moves to dismiss petitioner's application for a writ of habeas corpus on three grounds: (1) Lage's federal petition is barred by the statute of limitations codified in 28 U.S.C. § 2244(d); (2) Lage has failed to exhaust his

state remedies as required by 28 U.S.C. § 2254(b)(1) and (c); and (3) the applicable statute does not provide for a temporary restraining order, nor would Warden Chapdelaine be the appropriate respondent to furnish the requested relief.

With regard to the statute of limitations, a petitioner has one year to file his petition after the latest of four enumerated events. See 28 U.S.C. § 2244(d)(1). Lage's burglary conviction was rendered on April 3, 2008, and the judgment became final on April 23, 2008. Once Lage was no longer able to appeal his burglary conviction, the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) started to run. One year later, on April 23, 2009, the limitations period for Lage to file a federal petition for a writ of habeas corpus challenging the burglary conviction expired. Lage did not attempt to file his federal petition until June 21, 2010, well beyond the limitations period. Thus, Lage's federal petition is barred by the statute of limitations.

Lage's petition is also barred by Lage's failure to exhaust his state remedies. See 28 U.S.C. §§ 2254(b)(1) and (c). Lage concedes that he has not presented any of his claims to an appellate court in Connecticut. Lage has filed an application for writ of habeas corpus with the Connecticut Superior Court, and that case is still pending. Because petitioner has not fully and fairly presented his grounds for relief of the state court conviction to the highest Connecticut state court, his state remedies have not been exhausted.

Finally, Warden Chapdelaine is a Connecticut official and is not an appropriate party for Lage's request that the court stay federal immigration proceedings. See Immigration and Nationality Act, 8 U.S.C. § 1226 (requiring the United States Attorney General to take into custody aliens removable from the United States because they

have been convicted of specified crimes); Demore v. Kim, 538 U.S. 510 (2003).

    B.    Federal Respondent's Motion to Dismiss

        1.    Dismissal of Lage's Habeas Petition

Respondents United States Attorney's Office for the District of Connecticut and United States Attorney General Eric Holder (the "federal respondents") move to dismiss Lage's application for a writ of habeas corpus pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the District Court for the District of Connecticut lacks subject matter jurisdiction. See Doc. No. 17. Specifically, the federal respondents assert that Lage's petition fails because he did not file in the federal jurisdiction in which he is currently detained. Because Lage's petition is already barred by the expiration of the statute of limitations period and by Lage's failure to exhaust his state remedies, the court declines to address the question of whether lack of subject matter jurisdiction also requires dismissal of Lage's claim.

The court also declines to address whether transfer to another jurisdiction is permitted under 28 U.S.C. § 1631, which provides that "the court shall, if it is in the interest of justice, transfer such action [for which there is want of jurisdiction] . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." Even assuming the court had the authority under 28 U.S.C. § 1631 to transfer the case,[2] transferring Lage's deficient petition could not serve "the interest of justice," because the transferee jurisdiction would be required to dismiss it. See e.g.,

---

[2] The court may lack the authority to transfer Lage's petition. Because Lage was incarcerated in Connecticut when he commenced this action, the District of Massachusetts would not have been a court in which the petitioner "could have . . . brought" his action "at the time it was filed or noticed."

Adeleke v. United States, 355 F.3d 144, 152 (2d Cir. 2004) (declining to transfer meritless claim).

          2.      Dismissal of Lage's Motion for Stay of Removal Proceedings

The federal respondents also move to dismiss Lage's request for a stay of immigration removal proceedings, correctly arguing that the REAL ID Act of 2005 stripped federal district courts of subject matter jurisdiction over immigration removal proceedings. See 8 U.S.C. § 1252(a)(5) (". . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."). The Second Circuit has repeatedly held that the REAL ID Act precludes district courts from reviewing final orders of removal. See De Ping Wang v. Department of Homeland Security, 484 F.3d 615, 615-16 (2d Cir. 2007) ("Section 106 of the REAL ID Act of 2005 . . . (codified at 8 U.S.C. § 1252) . . . strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation . . . ."); Marquez Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (Title 8, section 1252(a)(5) of the United States Code "unequivocally eliminates" habeas corpus review of removal orders from district courts).

The REAL ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation or removal. See e.g., Scott v. Napolitano, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (the "provisions of § 1252 operate to strip district courts of jurisdiction to stay an order of removal, as well"); Tejada v. Cabral, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) (even when a district court has jurisdiction over a habeas petition challenging an underlying state criminal conviction, a petitioner in immigration detention

must "request a stay of his order of removal from the appropriate court of appeals."). This court lacks authority to issue a stay of a final order of removal, and it likewise lacks authority to issue a stay of removal proceedings that have not yet resulted in an order of removal.[3]

As stated above, the "appropriate court of appeals" is the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). However, transfer of Lage's Motion to the First Circuit Court of Appeals is not appropriate at this time. Lage's immigration proceedings have not concluded. The immigration court has not entered a removal order, and Lage has not even reached the stage of appealing such an order to the Board of Immigration Appeals (BIA). Any order of removal would not become final until (1) the BIA affirms the order or (2) the period for appeal to the BIA expires. See 8 U.S.C. §§ 1101(a)(47)(A) and (B); Thapa v. Gonzales, 460 F.3d 323, 333 (2d Cir. 2006). Only if the removal order became final would a federal appellate court have authority to review that order and to stay that order pending review. See 8 U.S.C. §§ 1252(a)(5) & (b).

Lage has not cited adequate authority for the proposition that a federal court – let alone this district court – could order the stay of his immigration removal proceedings at this time. Lage's motion for a temporary restraining order is therefore denied. Although the court is without authority to order a stay of Lage's immigration removal proceedings, Lage remains free to pursue any state remedies available to overturn his underlying

---

[3] Lage invokes 28 U.S.C. § 1651 as empowering the district court "to issue a temporary restraining order against a federal agency." Section 1651(a) provides that "all courts established by Act of Congress may issue all writs necessary or appropriate," but federal courts may only issue said writs "in aid of their respective jurisdictions." In this case, the court lacks jurisdiction over Lage's immigration proceedings, and the grant of power in section 1651 does not apply to Lage's Motion.

state criminal convictions.

## IV. CONCLUSION

For all the foregoing reasons, the Motion to Dismiss by Respondent Chapdelaine [**Doc. No. 12**] is **GRANTED**, and the Motion to Dismiss by Respondents United States Attorney's Office for the District of Connecticut and United States Attorney General Eric Holder [**Doc. No. 17**] is **GRANTED**. The Motion for Temporary Restraining Order by Petitioner Lage [**Doc. No. 7**] is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of November, 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge